a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN GOMEZ CASTELLANOS #A046336251, Plaintiff | CIVIL DOCKET NO. 1:22-CV-00896 SEC P |
| VERSUS | JUDGE DRELL |
| SHAD M RICE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Juan Gomez Castellanos ("Castellanos"). Castellanos is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), housed at the LaSalle Detention Facility in Trout, Louisiana. ECF No. 1. He claims that his continued detention is unlawful.

Because Castellanos's Petition is premature and he does not show that his detention is unlawful, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Castellanos alleges that he has been in post-removal order detention since November 24, 2021. He implies that his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 1. Castellanos seeks his immediate deportation or release from custody. ECF No. 1 at 8.

1

II.  Law and Analysis

Under 8 U.S.C. § 1231(a)(1)(A), the Government generally has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

At the time of signing his Petition, Castellanos had been in post-removal order detention for four months. ECF No. 1at 9. The presumptively reasonable six-month period of post-removal order detention has still not passed, and Castellanos provides no reason why his removal is unlikely to occur in the reasonably foreseeable future or why his detention is otherwise unlawful. Thus, Castellano's habeas petition should be dismissed as premature. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (although

90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

### III. Conclusion

Because Castellanos's Petition is premature and he does not show that his detention is unconstitutional, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, May 10, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE